Last case on the docket is Mitchell v. State of New York. That is 23705. Mr. Mitchell, you've reserved one minute. Good day, Your Honor. My name is Stephan Mitchell. The reason I'm here is because I am seeking a federal forum to hear my appeal of a conviction I unfortunately suffered in Brooklyn. I believe that the lower court erred by not allowing me to amend my complaint to include the Kings County District Attorney and his office's defendants. The request to amend the complaint in October of 2022 was my first request to amend and it was rejected without allowing me to file a motion stating my reasons. I had a right to seek to enjoin the Kings County District Attorney's office and his office from continuing to fail to correct Judge Pesci's patently false material testimony known to be false by the prosecutors. The injuries from this known false material testimony endure to this day. It's continuing. If the District Attorney's office were compelled to correct the false testimony or allow me to challenge it through some kind of a hearing, I could return to the state court and seek to vacate by conviction, which would be very important to me. The people have an obligation for the 14th Amendment and the state ethical considerations to correct known false material testimony. That's something that is a seminal part of the constitutional law in the case of McPoobie, Illinois. The state courts have refused to enforce this obligation and I must turn to the federal courts for its enforcement. An injunctive relief would aid my efforts to vacate the state court's judgment of conviction and would aid civil courts of action that I've brought with regard to this case. Mr. Mitchell, I know you disagree, but if we could assume for a minute that Section 1983 cannot provide the relief that you are seeking, do you still prevail today and why? I would prevail with respect to asking the court to send the case back to the district court to seek injunctive relief because 1983 allows that and that's conceded by the state. But the defendants you've named are immune under the 11th Amendment, so is that why you say you should get to sue the county? Yes, the DA and the DA's office. You can sue them. The relief that I would be seeking is to compel them to acknowledge that Judge Pesci's testimony was false. Is that relief that is available from that party? Well, what would happen? Well, okay. I can understand if your request for relief is expungement, which is the way I thought of this as being framed. Look, I have a wrongful conviction. I am going to seek an injunction ordering the party with authority to do so to expunge my conviction. Is that what you're seeking or are you seeking someone to say, we believe you, Mr. Mitchell, that this person lied? No, not asking for somebody to say, we believe you, Mr. Mitchell. What I'm asking is for the district attorney's office or the district attorney to correct false testimony, testimony that is known and established to be false. That is one of the things that I'm asking, and that is required by NAEPU for them to do that. Now, with regard to expungement, I am asking for a new trial and expungement under 1983. I understand that there would be problems with that, but I think that the requirements under Spencer overwhelmed the concerns that the state raised. Essentially what's happened is that there's no means of getting the opportunity to correct or to overwhelm a situation where you've gone through an unfair trial or been denied your Sixth Amendment. If you were a person like me who was fortunate enough to be released from state custody, if I was incarcerated and I lost my appeals and exhausted my state court remedies, I would be able to use habeas corpus for relief. Because I was released early and released from state custody early, which is very fortunate in my case, I don't have the same rights as somebody who remains incarcerated. Thank you, sir. We've got one minute from you on rebuttal. Mr. Lawrence. Good morning. I'm Dave Lawrence III. I'm an assistant solicitor general, appearing on behalf of the defendants at the lease. This court should affirm the judgment dismissing the amendment. I'm sorry, I can't hear you, sir. Can you raise your... I can't hear you. Do you mind speaking into the mic? I'm sorry, Your Honor. This court does not need to go beyond the fact that plaintiffs sued the wrong parties here, namely the state of New York and the attorney general. Plaintiff lacks standing to sue those defendants here, since he failed to show that his alleged injury is traceable to conduct by either of them, given that the state criminal case was instead prosecuted by the King County District Attorney's Office. And plaintiff makes no allegation that either the state or the attorney general knew about or participated in the DA's or the state court's alleged unconstitutional conduct. Does the state have the authority to expunge a conviction, setting aside the governor's personal authority for pardons, but does the state or the attorney general have the authority to expunge or vacate a criminal conviction? The attorney general does not. I'm not certain what procedures there might be where the state may or may not be able to expunge a conviction. Because at the end of the day, this case raises an interesting question, which is, assume for the sake of argument, the worst case you can imagine, the worst instance of wrongful conviction you can imagine, right? Setting aside whether or not Mr. Mitchell's specific allegations are credible or persuasive, picture in your mind, we can all think of an injustice. If that person, if they are denied habeas relief, which is as a way of challenging the conviction because they're no longer subject to a criminal sentence, whether it's supervision or incarceration, is there no way or is it your position that their way to vindicate that, to challenge the conviction, is by a 1983 action against the entity that brought the prosecution? There is an indication in certain concurrences in the Supreme Court that there might be a damages action available, but there is no Supreme Court majority opinion that has ever held that. Certainly, there is no ability for the plaintiff to obtain the kind of relief that he seeks here, such as expungement of his conviction and banking toward that conviction or a new trial under Section 1983. As indicated by the U.S. Supreme Court's holding in Price v. Rodriguez, that Section 1983 is not available to challenge this conviction. But that's not the same question. The question that I understood Judge Merriam to ask is not whether or not 1983 provides a remedy, but is there no remedy? The remedy would have to, there is no remedy provided under the current law by Congress where Section 1983 does not allow it and the habeas statute does not allow to obtain this kind of relief, certainly. So we would need to create new law under your position to find that there's a remedy? Yes, Your Honor. There's a state remedy for wrongful conviction, right? There is a state statute allowing for a damages claim for wrongful convictions, but among the requirements to bring such an action, one would have had to have that conviction overturned in the first instance. Isn't that the cruel irony here? Is there like the heck problem, right? You could only bring your claim if you can show that the habeas court has, or either on direct appeal or on habeas, your conviction has been thrown out. But we're telling you, you can't, you're done with your direct appeals and there is no habeas action available to you. Plaintiff's complaint in that regard is with Congress. Congress could amend the law and provide for a remedy in that circumstance, but Congress has not done so. The amended plan here is also barred by the 11th Amendment, and as much as the plaintiff sues the state and the Attorney General in her official capacity, and the ex parte exception does not apply because plaintiff seeks retrospective injunctive relief based on past alleged prosecutorial and judicial misconduct rather than any ongoing violation of federal law. The amended complaint is also barred by the Rupert Feldman Doctrine and by collateral estoppel, as I've argued in my brief, and I don't need to go through all the elements of those with which the Court is well familiar. All of the, given that this is a Section 1983 action, all of the defenses typically available to a defendant in a Section 1983 action are available here, as opposed to, say, a habeas action where, for instance, Rupert Feldman does not apply. Thank you so much. Thank you. Mr. Mitchell, you've got one minute. I am not guilty of the charges that were brought in this case, and I can establish such as given the opportunity. There must be a remedy. Judge Souter says that when habeas corpus is unavailable, there must be a remedy. This circuit in Techman says that there must be a remedy. In this situation, I'm asking for the opportunity, the same opportunity that I would have had if I had remained incarcerated as opposed to when I was not incarcerated. And there's no reason to make a distinction. I'm facing charges. I think I had an unfair trial, and I think I can establish that I had an unfair trial. Somebody should hear me. Somebody should listen to what it is that I have to say. As unlikely or likely as it might be, I should have that opportunity. Yes, I was fortunate to be released from state custody. It was a blessing. I was glad it happened. But it took away my right to be heard in habeas, and I need that to get my name back. Thank you so much for your time. Thank you.